UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
KAREN BRIM,

                                  Plaintiffs,                    Civil Action No. CV 13-1082

                    -against-                        2nd AMENDED
                                               COMPLAINT (CORRECTED)

THE CITY OF NEW YORK,
P.O. TIMOTHY REILLY, Shield No. 05913,         JURY TRIAL DEMANDED
Individually and in his Official Capacity,
P.O. RALPH GIORDANO, Shield No. 31691,
Individually and in his Official Capacity,
SERGEANT SALVATORE MANNINO, Shield No.
02743, Individually and in his Official Capacity, and
P.O. "JOHN DOE", Individually and in his
Official Capacity (the name John Doe being
fictitious, as the true name is presently unknown),

                                    Defendants.

-------------------------------------------------------------------

       Plaintiff, by her attorney, MARSHALL S. BLUTH, ESQ., complaining of the defendants herein, respectfully sets forth and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the United States and the State of New York.

## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 1367.

## VENUE

       4.    Venue is properly laid in the Eastern District of New York under U.S.C. 1391(b), in that this is the District in which the claim arose.

## DEMAND FOR TRIAL BY JURY

The plaintiff hereby demands a trial by jury as to all issues in this action.

## **PARTIES**

5.     That at all times herein mentioned, the plaintiff, KAREN BRIM, an African-American, was and still is a citizen of the United States, and resident of the County of Kings, City and State of New York.

6.     That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, (hereafter "CITY"), was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

7.     That at all times hereinafter mentioned, the defendant, CITY, maintains defendant, the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York, (hereafter the "NYPD").

8.     That at all times hereinafter mentioned, the defendant, P.O. TIMOTHY REILLY, Shield No. 05913, was a duly sworn police officer of the said NYPD and was acting under the supervision of the said NYPD and according to his official duties.

9.     That at all times hereinafter mentioned, the defendant, P.O. RALPH GIORDANO, Shield No. 31691, was a duly sworn police officer of the said NYPD and was acting under the supervision of the said NYPD and according to his official duties.

10.     That at all times hereinafter mentioned, the defendant, SERGEANT SALVATORE MANNINO, Shield No. 02743, was a duly sworn police officer of the said NYPD and was acting under the supervision of the said NYPD and according to his official duties.

11.     That at all times hereinafter mentioned, the defendant, P.O. "JOHN DOE", was a duly sworn police officer of the said NYPD and was acting under the supervision of the said NYPD and according to his official duties.

12.     That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.     That at all times hereinafter mentioned, each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by the defendant, CITY.

14.     That at all times hereinafter mentioned, each and all of the acts of the defendants alleged herein were committed by said defendants while acting in furtherance of their employment by the defendant, CITY.

15.     That at all times hereinafter mentioned, the defendant, CITY, hired, trained, supervised, retained, managed, operated and controlled the said defendants, P.O. TIMOTHY REILLY, Shield No. 05913, P.O. RALPH GIORDANO, Shield No. 31691, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE".

16.     That heretofore and within 90 days after the claim sued upon arose, the plaintiff caused a notice of claim, in writing, sworn to by the plaintiff, KAREN BRIM, to be served upon the defendant, CITY, by delivering same to the clerk and/or employees of the said CITY designated to accept service thereof which notices of claim set forth the name and post office address of the plaintiffs and her attorney, the nature of the claim, the time when, place where and manner in which the claim arose and the items of damage or injuries claimed to have been sustained so far then known.  That said notices of claim was prepared and served in accordance with the law as required under General Municipal Law Sec. 50(e).

17.     That on August 27, 2012, a hearing was held pursuant to the provisions of section 50-h of the General Municipal Law.

18.     That more than 30 days have elapsed since said notice of claim was presented to the CITY and the defendant, CITY has failed, neglected and refused to make

an adjustment or payment of same.

19.     That this action is being commenced within one (1) year and ninety (90) days after the cause of action herein accrued, the time prescribed and in accordance with law.

20.     That plaintiff has complied with all conditions precedent to maintaining the instant action.

21.     That this action falls within one or more of the exceptions as outlined and set forth in CPLR Sec. 1602.

## FACTS

22.     That at all times hereinafter mentioned, plaintiff, KAREN BRIM, was the owner of a certain three story, multi-family residential premises known as 927 Utica Avenue, in the County of Kings, City and State of New York, (hereafter the "Premises").

23.     On or about April 30, 2012, at approximately 4:00 pm, plaintiff, KAREN BRIM, was lawfully present in the first floor hall inside the Premises.

24.     At the aforesaid time and place, four African-American teenagers, Brenado Simpson, Clifton Bailey, Robean Romans and Distephano Destin, were lawfully present inside the Premises.

25.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof thereof.

26.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof without a warrant.

27.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield

No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof without permission or consent of the plaintiff, owner of the Premises.

28.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof in violation of law.

29.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", after entering upon the said Premises, handcuffed and arrested Brenado Simpson, Clifton Bailey, Robean Romans and Distephano Destin for alleged trespass.

30.     At the aforesaid time and place, plaintiff identified herself as the owner of the Premises and informed the defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE" that the said teenagers were not trespassers.

31.     At the aforesaid time and place, plaintiff was unarmed and had not engaged in, nor had she been engaging in, any criminal activity when she was confronted by the said NYPD officers inside the Premises.

32.     While inside the said Premises, defendant, P.O. TIMOTHY REILLY, suddenly grabbed plaintiff and violently threw her to the floor causing plaintiff to suffer a severely fractured left leg, among other injuries.

33.     Immediately thereafter, while plaintiff was writhing in pain on the floor due to the injuries she sustained in the attack, the defendant NYPD officers handcuffed plaintiff's arms tightly behind her back while she was lying on the floor inside the Premises and placed her under arrest.

34.     Plaintiff requested that she be taken to the hospital due to the said injuries she sustained in the said attack.

35.     Plaintiff was transported by ambulance to Kings County Hospital where she was admitted with multiple injuries, including the said fractured left leg which required surgery involving internal fixation using plates and screws.

36.     Plaintiff was charged with assault, menacing, obstructing governmental administration, resisting arrest, and other crimes.

37.     At no time on April 30, 2012 did plaintiff assault, menace, or harass the defendant NYPD officers, nor did she obstruct the officers from performing a lawful duty or resist a lawful arrest in any way, nor did she commit any of the acts or crimes alleged in the charges brought against her.

38.     At no time on April 30, 2012 did plaintiff KAREN BRIM assault any person or recklessly engage in conduct which created a substantial risk of serious physical injury to any other person.

39.     At no time on April 30, 2012 did defendants possess probable cause to arrest plaintiff.

40.     At no time on April 30, 2012 did defendants possess information that would lead a reasonable NYPD officer to believe plaintiff KAREN BRIM possessed a weapon or acted unlawfully in any way, or that she had committed any crime or violation of law.

41.     At no time on April 30, 2012 did defendants possess information that would lead a reasonable NYPD officer to believe probable cause existed to arrest plaintiff.

42.     At no time on April 30, 2012 did defendants possess probable cause to enter the Premises.

43.     At no time on April 30, 2012 did defendants possess information that would lead a reasonable NYPD officer to believe probable cause existed to enter the Premises.

44.     At no time on April 30, 2012 did defendants possess information that

would lead a reasonable NYPD officer to believe that a crime had been committed when they entered the said Premises.

45.    In connection with plaintiff's arrest, defendants filled out false and/or misleading NYPD reports and forwarded them to prosecutors at the Office of the District Attorney, Kings County.

46.    Thereafter, defendants repeatedly gave false and misleading information regarding the facts and circumstances of plaintiff's arrest to the District Attorney's Office.

47.    Specifically, defendants falsely and knowingly alleged, *inter alia*, that plaintiff swung a broom at defendants, grabbed defendant's officer's neck and struck defendant in the head and resisted arrest, and that plaintiff's alleged actions caused abrasion and swelling and laceration to defendant's officer's hand.

48.    As a result of the defendants' actions, plaintiff, KAREN BRIM, while hospitalized at Kings County Hospital, was both handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days from April 30, 2012 to May 16, 2012 while she remained in police custody.

49.    As a result of this incident, plaintiff lost wages she would have otherwise earned and received.

50.    As a result of the foregoing, plaintiff, KAREN BRIM, sustained physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## ABUSE OF PROCESS AND DEPRIVATION OF FEDERAL RIGHTS
## UNDER 42 U.S.C. Sec. 1983

51.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "50" hereinabove as if fully set forth herein at length.

52.    That at all times herein mentioned, all of the aforementioned acts of

defendants, their agents, servants and/or employees, were carried out under color of state law.

53.    That at all times herein mentioned, plaintiff, KAREN BRIM, was denied a judicial hearing for seventeen (17) consecutive days from April 30, 2012 to May 16, 2012 while she remained both handcuffed and anklecuffed to her hospital bed and in police custody while a police officer was stationed outside the door to plaintiff's hospital room who denied entry to family and friends even during normal visiting hours.  All of the aforementioned acts committed by defendants, their agents, servants and/or employees, deprived plaintiff, KAREN BRIM, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Sec. 1983.

54.    That at all times herein mentioned, all of the aforementioned acts complained of were carried out by the aforementioned individual defendants in their capacities as NYPD officers with all the actual and/or apparent authority attendant thereto.

55.     That at all times herein mentioned, all of the aforementioned acts complained of were carried out by the aforementioned individual defendants in their capacities as NYPD officers pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56.    That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days, sustained grievous personal injuries to various parts of her body and limbs; suffered

shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

58.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

59.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
<u>**MUNICIPAL LIABILITY UNDER 42 U.S.C. Sec. 1983**</u>

60.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "59" hereinabove as if fully set forth herein at length.

61.    That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.    That at all times herein mentioned, upon information and belief, the aforementioned customs, policies, usages, practices, procedures and rules of the defendants City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)    pursuant to "Operation Clean Halls" as reported in the media, including the *Daily News*, maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to

training and supervising of officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

        b)     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

        c)     arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

63.     That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

64.     That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65.     That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66.     That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

67.     That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff, KAREN BRIM's constitutional rights.

68.     That at all times herein mentioned, the acts complained of deprived plaintiff of her rights:

        a)     Not to be deprived of liberty without due process of law;

        b)     To be free from seizure and arrest not based upon probable cause;

    c)      To be free from unlawful search;

    d)      Not to have summary punishment imposed upon her; and

    e)      To receive equal protection under the law.

69.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

70.     That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

71.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

72.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### MUNICIPAL LIABILITY UNDER 42 U.S.C. Sec. 1983

73.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "72" hereinabove as if fully set forth herein at length.

74.     That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority,

which is forbidden by the Constitution of the United States.

75.     That at all times herein mentioned, upon information and belief, the aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)      maintaining a policy and practice officially endorsed by the CITY under "Operation Clean Halls" as reported in the media, including the *Daily News*, mandating officers enter private homes and arrest occupants regardless of probable cause and notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing in order to issue a minimum number of summonses, and to make a minimum number of arrests on a monthly basis with deliberate indifference to training and supervising of officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

b)      entering private citizens' homes without a warrant and without probable cause in order to inflate the officer's arrest statistics and satisfy said quota;

c)      arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

d)      arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

76.     That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

77.     That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

78.     That the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

79.     That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

80.     That at all times herein mentioned, defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff, KAREN BRIM's constitutional rights.

81.     That at all times herein mentioned, the acts complained of deprived plaintiff of her rights:

        a)     Not to be deprived of liberty without due process of law;

        b)     To be free from seizure and arrest not based upon probable cause;

        c)     To be free from unlawful search;

        d)     Not to have summary punishment imposed upon her; and

        e)     To receive equal protection under the law.

82.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

83.     That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

84.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

85.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FALSE ARREST UNDER 42 U.S.C. Sec. 1983**

86.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "85" hereinabove as if fully set forth herein at length.

87.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without probable cause, privilege or consent.

88.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and anklecuffing and other physical restraints, without probable cause.

89.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has

been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

90.     That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

91.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

92.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. Sec. 1983

93.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "92" hereinabove as if fully set forth herein at length.

94.     That at all times herein mentioned, defendants falsified evidence against plaintiff, KAREN BRIM.

95.     Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed four African-American males trespassing, that plaintiff swung a broom at defendant, P.O. TIMOTHY REILLY, that plaintiff grabbed defendant P.O. TIMOTHY REILLY'S neck and attempted to choke him, that plaintiff slapped defendant P.O. TIMOTHY REILLY's head.

96.     That at all times herein mentioned, defendants knowingly forwarded false evidence and false information to prosecutors in the Office of the District Attorney, Kings County.

97.     That at all times herein mentioned, defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

98.     That at all times herein mentioned, in creating false evidence against

plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

99.     As a result of the foregoing defendants' conduct, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and anklecuffing and other physical restraints, without probable cause.

100.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

101.     That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

102.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

103.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A SIXTH CAUSE OF ACTION

## EXCESSIVE FORCE
## UNDER 42 U.S.C. Sec. 1983

104.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "103" hereinabove as if fully set forth herein at length.

105.    That at all times herein mentioned, the level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff, KAREN BRIM.

106.    That as a result of the aforementioned conduct of defendants, plaintiff, KAREN BRIM, was subjected to excessive force and sustained severe physical and emotional injuries.

107.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

108.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

109.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

110.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION

## UNNECESSARY FORCE
## UNDER 42 U.S.C. Sec. 1983

111.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "110" hereinabove as if fully set forth herein at length.

112.    That at all times herein mentioned, the force employed by defendants was objectively unnecessary and unreasonable and in violation of the constitutional rights of the plaintiff, KAREN BRIM.

113.    That as a result of the aforementioned conduct of defendants, plaintiff, KAREN BRIM, was subjected to unnecessary force and sustained severe physical and emotional injuries.

114.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

115.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

116.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

117.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION

**FAILURE TO INTERCEDE**
**UNDER 42 U.S.C. Sec. 1983**

118.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "117" hereinabove as if fully set forth herein at length.

119.    That at all times herein mentioned, the defendants P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO and P.O. "JOHN DOE", acted with deliberate and callous indifference with respect to the health and safety of plaintiff, KAREN BRIM, and failed to protect plaintiff, nor did they attempt to prevent the said unnecessary and excessive force or her resulting injuries, in violation of the constitutional rights of the plaintiff, KAREN BRIM.

120.    That as a result of the aforementioned conduct of defendants, plaintiff, KAREN BRIM, was subjected to unnecessary and excessive force and sustained severe physical and emotional injuries.

121.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

122.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

123.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been

caused to suffer damages in a sum greater than the jurisdictional limits of the court.

124.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR AN NINTH CAUSE OF ACTION
UNDER NEW YORK STATE LAW
ASSAULT**

125.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "124" hereinabove as if fully set forth herein at length.

126.    That at all times herein mentioned, defendants' aforesaid actions placed the plaintiff in apprehension of imminent harmful and offensive bodily contact.

127.    As a result of defendants' conduct, plaintiff has suffered severe physical pain and mental anguish, shock, fright, apprehension, embarrassment and humiliation.

128.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

129.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

130.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

131.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A TENTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## BATTERY

132.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "131" hereinabove as if fully set forth herein at length.

133.    That at all times herein mentioned, defendant NYPD officers touched plaintiff, KAREN BRIM, in a harmful and offensive manner.

134.    That at all times herein mentioned, defendant NYPD officers touched plaintiff, KAREN BRIM, in such manner without privilege or consent from plaintiff.

135.    As a result of defendants' conduct, plaintiff has suffered severe physical pain and mental anguish, shock, fright, apprehension, embarrassment and humiliation.

136.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

137.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

138.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

139.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## FALSE ARREST

140.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "139" hereinabove as if fully set forth herein at length.

141.    That at all times herein mentioned, defendant NYPD officers arrested plaintiff, KAREN BRIM, in the absence of probable cause and without a warrant.

142.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, incarcerated and prosecuted by the defendants in criminal proceedings.

143.    That at all times herein mentioned, the aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

144.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, shock, fright, apprehension, embarrassment and humiliation and loss of freedom.

145.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily

received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

146.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

147.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

148.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR AN TWELFTH CAUSE OF ACTION**
**UNDER NEW YORK STATE LAW**
**FALSE IMPRISONMENT**

149.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "148" hereinabove as if fully set forth herein at length.

150.    That at all times herein mentioned, as a result of the foregoing, plaintiff, KAREN BRIM, was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and anklecuffing and physical restraints.

151.    That at all times herein mentioned, plaintiff was conscious of said confinement and did not consent to same.

152.    That at all times herein mentioned, the said confinement of plaintiff was without probable cause and was not otherwise privileged.

153.    That at all times herein mentioned, the aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

154.    As a result of defendants' conduct, plaintiff has suffered physical pain and

mental anguish, shock, fright, apprehension, embarrassment and humiliation and loss of freedom.

155.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

156.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

157.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

158.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

159.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "158" hereinabove as if fully set forth herein at length.

160.    That at all times herein mentioned, the aforementioned conduct of defendants was extreme and outrageous, and exceeded all reasonable bounds of decency.

161.    That the aforementioned conduct was committed by defendants while

acting within the scope of their employment by defendant, CITY.

162.    That the aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant, CITY.

163.    That the aforementioned conduct was intentional and done for the sole purpose of causing severe and emotional distress to plaintiff.

164.    That as a result of the aforementioned conduct of defendants, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

165.    That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

166.    That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

167.    That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

168.    That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**UNDER NEW YORK STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

169.     Plaintiff repeats and realleges each and every allegation contained in
paragraphs numbered "1" thru "168" hereinabove as if fully set forth herein at length.

170.     That at all times herein mentioned, defendant, CITY, selected, hired,
trained, retained, assigned and supervised all members of its Police Department,
including the defendants individually named herein.

171.     That at all times herein mentioned, defendant, CITY, in implementing the
said "Operation Clean Halls", was negligent and careless when it selected, hired, trained,
retained, assigned, and supervised all members of its Police Department, including the
defendants individually named herein.

172.     That due to the negligence of the defendants as set forth above, plaintiff
suffered severe physical and mental injury, pain and trauma, embarrassment, humiliation,
shock, fright, and loss of freedom.

173.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was
handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days
without a judicial hearing, sustained grievous personal injuries to various parts of her
body and limbs; suffered shock to her nerves and nervous system; suffered and will
continue to suffer great pain and anguish in body and mind; that she has received
necessary hospital care by reason of the injuries sustained; that she has necessarily
received, is receiving and will continue to receive medical care and treatment in
connection with the injuries suffered by her, and in connection with which expenses
have, are and will continue to be incurred; that she has been greatly incapacitated and has
been unable to attend to her usual duties as she had theretofore done, and her injuries are
permanent, protracted and disabling in nature.

174.     That any joint and several liability of the defendants is not limited by

CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

175.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

176.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**FAILURE TO INTERCEDE**
**UNDER NEW YORK STATE LAW**

177.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "176" hereinabove as if fully set forth herein at length.

178.     That at all times herein mentioned, the defendants P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", acted with deliberate and callous indifference with respect to the health and safety of plaintiff, KAREN BRIM, and failed to protect plaintiff, nor did they attempt to prevent the said unnecessary and excessive force or her resulting injuries.

179.     That as a result of the aforementioned conduct of defendants, plaintiff, KAREN BRIM, was subjected to unnecessary and excessive force and sustained severe physical and emotional injuries.

180.     That by reason of the foregoing, the plaintiff, KAREN BRIM, was handcuffed and anklecuffed to her hospital bed for seventeen (17) consecutive days without a judicial hearing, sustained grievous personal injuries to various parts of her body and limbs; suffered shock to her nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that she has received necessary hospital care by reason of the injuries sustained; that she has necessarily received, is receiving and will continue to receive medical care and treatment in connection with the injuries suffered by her, and in connection with which expenses have, are and will continue to be incurred; that she has been greatly incapacitated and has

been unable to attend to her usual duties as she had theretofore done, and her injuries are permanent, protracted and disabling in nature.

181.   That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

182.   That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

183.   That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION
UNDER NEW YORK STATE LAW
TRESPASS/UNLAWFUL ENTRY**

184.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" thru "183" hereinabove as if fully set forth herein at length.

185.   At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof thereof.

186.   At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof without a warrant.

187.   At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof without permission or consent of the plaintiff, KAREN BRIM, owner of the Premises.

188.   At the aforesaid time and place, when the said defendants, P.O.

TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", entered upon the said Premises, no crime had been committed in or about the Premises.

189.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, suddenly entered the Premises from the roof in violation of law.

190.     At the aforesaid time and place, the said defendants, P.O. TIMOTHY REILLY, P.O. RALPH GIORDANO, SERGEANT SALVATORE MANNINO, Shield No. 02743, and P.O. "JOHN DOE", in uniform, unlawfully entered the Premises and committed trespass.

191.     That the aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant, CITY.

192.     That the aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant, CITY.

193.     That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

194.     That by reason of the foregoing, the plaintiff, KAREN BRIM, has been caused to suffer damages in a sum greater than the jurisdictional limits of the court.

## PUNITIVE DAMAGES

195.     That by reason of the foregoing, the plaintiff, KAREN BRIM, is entitled to punitive damages against the individual defendants named herein.

**WHEREFORE**, the plaintiff demands judgment against the defendants based upon each Cause of Action alleged herein awarding compensatory damages in an amount greater than the jurisdictional limits of the court in a sum to be determined at trial; punitive damages in an amount greater than the jurisdictional limits of the court in a sum to be determined at trial; reasonable attorney's fees and costs under 42 U.S.C. Section

1988; and such other and further relief as the Court may deem just and proper, together

with attorney's fees, interest, costs and disbursements of this action.

Dated: New York, NY
        February 27, 2014

Yours, etc.

THE LAW OFFICE OF MARSHALL S. BLUTH

BY:  __/s/  Marshall S. Bluth__
        MARSHALL S. BLUTH
Attorneys for Plaintiff
233 Broadway-18th Floor
New York, NY  10279
(212) 448-1130