UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
KAREN BRIM,

        Plaintiff,

   v.

THE CITY OF NEW YORK,
P.O. TIMOTHY REILLY,
P.O. RALPH GIORDANO,
SGT. SALVATORE MANNINO,
et al.,

        Defendants.
---------------------------------------------------X

13 CV 1082 (SJ) (RER)

<u>MEMORANDUM
AND ORDER</u>

*A P P E A R A N C E S*

MARSHALL SCOTT BLUTH
733 Third Avenue
12th Floor
New York, NY 10017
By:    Marshall Bluth
*Attorney for Plaintiff*

COHEN & FITCH
233 Broadway
Suite 1800
New York, NY 10279
*Attorney for Plaintiff*

ZACHARY CARTER
Corporation Counsel of the City
of New York
100 Church Street, Room 2-144
New York, NY 10007

By: Jenny Weng
    Joshua J. Lax
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

On the afternoon of April 30, 2012, plaintiff Karen Brim ("Plaintiff" or "Brim") suffered a tragic fall that broke her leg and led to surgery and a 17-day period of hospitalization. The fall took place at 927 Utica Avenue, a multi-family dwelling owned by Brim. At the time, Brim was in a common area of the building, to wit: a landing within the staircase between the ground and second floors. Also in that area were eight other individuals: Brim's son, Dontay Blackwood ("Blackwood"), Police Officer Timothy Reilly ("Reilly"), Police Officer Ralph Giordano ("Giordano"), Sergeant Salvatore Mannino ("Mannino"), and four men held on suspicion of trespassing just moments before, Brenado Simpson, Clifton Bailey, Robean Romans and Distephano Destin (the "arrestees"). Plaintiff claims that the arrestees were lawfully on her premises when the officers, without a warrant, took them into custody and that an altercation ensued between the officers and Blackwood. During this altercation, Plaintiff was allegedly thrown to the floor, and then arrested and taken to Kings County Hospital Center. On March 12, 2014, she filed the Second Amended Complaint in this Court alleging claims pursuant to 42 U.S.C. § 1983 and related state tort claims. The City moves for summary judgment. Based on the submissions of the parties, the oral argument

held before this Court on May 26, 2015, and for the reasons stated below, the motion is denied.

BACKGROUND

Reilly, Giordano and Mannino were on patrol in the area of Utica and Snyder Avenues when they allegedly saw four black men traveling between the roofs of a series of connected buildings located at 921, 923, 925 and 927 Utica Avenue. The officers entered either 921 Utica Avenue or 923 Utica Avenue to investigate. When they reached the roof, they observed the four men enter 927 Utica through its rooftop door. They followed the men in and asked for identification. Not all of the men had identification and none of the men lived in the building. The men were handcuffed and held in a single-file line as they walked down the stairs of 927, a three-story building.

Plaintiff was in the common area stairwell between the ground and second floors, either sweeping or mopping, when she observed the arrestees. She heard one of the arrestees call Blackwood's name and she in turn called Blackwood, who was on his way out of the building at that time but turned around. Plaintiff testified that she stood on a landing two steps above the ground floor, and that Blackwood walked above her onto one of the remaining steps leading to the second floor. However, Blackwood testified that they both stood on the landing. The officers and the arrestees came down the stairs past Plaintiff and Blackwood and lined the arrestees up against the hallway wall. Words were exchanged between Plaintiff,

Blackwood, and the officers. Specifically, Blackwood inquired as to why the men were being held, Plaintiff offered to prove her ownership of the building, Plaintiff disputed that the men were trespassing, and Officer Reilly asked them to clear the way. Tempers then flared. At one point, Blackwood was told he would be arrested if he did not move out of the way. Blackwood did not move. At that point, Officer Reilly attempted to move either Plaintiff or Blackwood out of the way. According to Officer Reilly, Plaintiff moved between Reilly and Blackwood and swung the broom (or mop) in the air towards him. Reilly then allegedly grabbed her and pulled her out of the way, causing her to fall down the remaining two steps and land on her knee. However, according to Plaintiff, she was already situated between Reilly and Blackwood and did not need to move between them. According to Plaintiff, Reilly pushed her down the steps to the ground, fracturing her tibial plateau, and arrested her. And according to the arrest report, Plaintiff struck Reilly in the head with her hand and "flail[ed] her arms and push[ed] back while resisting" the ensuing arrest. She was charged with assault, obstructing governmental administration, resisting arrest and disorderly conduct. Blackwood was not arrested.

Plaintiff was transported to Kings County Hospital Center where she underwent surgery and received doses of several painkillers over the course of her stay. She was handcuffed to the hospital bed and monitored by a police officer at all times. None of these officers are named as defendants.

On May 14, 2012, the hospital determined that Plaintiff was a "likely discharge." On May 15, 2012, a sergeant from the 67th Precinct was notified to call the Clerk's Office. On May 16, 2012, Plaintiff was arraigned in the hospital.

Plaintiff moved in the Supreme Court of Kings County to dismiss the charges against her based on the delay in arraignment. The court denied the motion, noting that she failed to argue that she was medically cleared for an earlier arraignment.

Plaintiff later accepted an Adjournment in Contemplation of Dismissal of those charges.

DISCUSSION

It is well-settled that a party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the non-moving party. Id.

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual

issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248; see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

In this case, there are a handful of facts in dispute that prevent summary judgment of Plaintiff's claims.

A.  Plaintiff's First Cause of Action

When a probable cause determination (in this case, an arraignment) is not made within 48 hours, the government must show cause why the delay should not be considered unreasonable. See County of Riverside v. McLaughlin, 500 U.S. 44, 57 (1991).

In this case, the City claims that Plaintiff's medical condition justified the delay. The City points to the fact that Plaintiff was on various narcotic medications while hospitalized and was only cleared for release on May 14, 2012, at which point the City arranged a bedside arraignment within 48 hours. Plaintiff claims she was "ready, willing, and able" to be arraigned the entire time. This Court cannot say as a matter of law whether Plaintiff was medically incapacitated during any portion of those 17 days and therefore, summary judgment cannot be granted on this claim.

B.  Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth, Eleventh, Twelfth, Thirteenth, and Fifteenth Causes of Action

The he-said-she-said nature of this case precludes a finding in favor of the City on Plaintiff's claims that she was falsely arrested and imprisoned, denied the right to a fair trial, subject to excessive and unnecessary force, suffered an intentional infliction of emotional distress and that the defendant officers failed to intercede on her behalf.

As noted, supra, there is a dispute as to where Plaintiff and Blackwood were standing. Blackwood testified that he was on the landing with Plaintiff but Plaintiff testified that he was above her. Therefore, it cannot be said whether or not Plaintiff moved during the altercation and inserted herself between Blackwood and Reilly, as the City claims. Additionally, Plaintiff denies swinging anything at Reilly or hitting Reilly. A factfinder must determine how these nine individuals were arranged in a relatively small area and whether any individual's movement was intended to harm any other individual or posed a threat to any other individual. Only then can it be said whether the arrest was supported by probable cause, weather the force used was unnecessary or excessive, whether anyone held a duty to intercede on Plaintiff's behalf, whether the contents of the police report documenting the incident were fabricated, and whether the conduct of the officers was either reasonable or unreasonable such that qualified immunity should or should not attach. See generally Jovanovic v. City of N.Y., 486 F. App'x 149, 152 (2d Cir. 2012) (finding that claims asserting a denial of right to fair trial turn on the existence of fabricated evidence); Savino v. City of N.Y., 331 F.3d 63, 75 (2d Cir. 2003) ("To state a claim for false arrest under New York Law, a plaintiff must show [inter alia] that the confinement was not otherwise privileged."); Zarvis v. Albany County, 75 F. App'x 837 (2d Cir. 2003) (trial court to determine "which facts material to the qualified immunity defense must be presented to the jury to determine its applicability"); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988)

("A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers."); Piper v. City of Elmira, 12 F. Supp. 3d 577, 589 (W.D.N.Y. 2014) (denying summary judgment of excessive force claim where plaintiff was shoved as officers moved through a crowd on her porch to arrest three people). Therefore, summary judgment of these claims is denied.

C. Remaining Claims

The City's remaining arguments have been considered and are without merit at this stage. However, the City will be granted leave to renew these arguments at the close of Plaintiff's case.

## CONCLUSION

For the foregoing reasons, summary judgment is denied.

SO ORDERED.

Dated: June 4, 2015                          _____/s_____
      Brooklyn, NY                            Sterling Johnson, Jr., U.S.D.J.