UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
KAREN BRIM,

        Plaintiff,

   v.

THE CITY OF NEW YORK,
P.O. TIMOTHY REILLY,
P.O. RALPH GIORDANO,
SGT. SALVATORE MANNINO,
et al.,

        Defendants.
----------------------------------------------------X

13 CV 1082 (SJ) (RER)

<u>MEMORANDUM
AND ORDER</u>

*A P P E A R A N C E S*

MARSHALL SCOTT BLUTH
733 Third Avenue
12th Floor
New York, NY 10017
By:    Marshall Bluth
*Attorney for Plaintiff*

COHEN & FITCH
233 Broadway
Suite 1800
New York, NY 10279
*Attorney for Plaintiff*

ZACHARY CARTER
Corporation Counsel of the City
of New York
100 Church Street, Room 2-144
New York, NY 10007

1

By: Jenny Weng
    Joshua J. Lax
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

Plaintiff Karen Brim ("Plaintiff") filed the instant civil rights action against The City of New York, Police Officers Timothy Reilly ("Reilly") and Ralph Giordano ("Giordano") and Police Sergeant Salvatore Mannino ("Mannino") after she was involved in an altercation with the police that landed her in the hospital for 17 days, handcuffed to a bed with a broken leg. Pending before the Court is Defendants' motion to reconsider the June 4, 2015 order denying summary judgment of Plaintiff's claims. Familiarity with the facts and circumstances underlying the instant motion is assumed.

   I.   Claims Against the City of New York

Plaintiff has abandoned her claim of negligent hiring, training, supervision and retention. Therefore, Defendants' motion is granted as to this claim. However, plaintiff's claim that the Patrol Guide constitutes a municipal policy that caused a violation of her constitutional rights cannot be dismissed at this stage. See, Flemming v. City of New York, 2008 WL 80746, at *3 (S.D.N.Y. Jan. 2, 2008) (finding Patrol Guide to be a formal written policy); Wu v. City of New York, 934 F. Supp. 581, 591 (S.D.N.Y. 1996) (same). While the Patrol Guide does not mandate handcuffing all prisoners, a jury could find that the decision to handcuff

Brim was not objectively reasonable and that the Patrol Guide "played a part" in that decision. See Davis v. Cnty. of Nassau, 355 F. Supp. 2d. 668, 675 (E.D.N.Y. 2005) ("[A] governmental entity may be held liable under Section 1983 only when found to be a 'moving force' behind a constitutional deprivation.") (citing Kentucky v. Graham, 473 U.S. 159 166 (1985)). Therefore, Defendants' motion is denied.

II. Personal Involvement

The parties appear to be in agreement that Defendants Giordano and Mannino were not personally involved in the delay in arraignment. Defendants' motion is granted as to these two defendants only. As to Defendant Reilly, the Court reserves decision.

III. Remaining Arguments

As stated in the Court's order denying summary judgment, this case is fact-intensive. Reilly claims Plaintiff swung a mop at him and hit him in the head with her hand. Plaintiff denies doing that and claims he shoved her down the steps and then fabricated a police report to justify her arrest. For the same reasons given in the June 4, 2015 order, the goings-on in that stairwell on the afternoon of April 30, 2012 have to be determined by a factfinder, including whether Reilly's conduct amounts to intentional infliction of emotional distress or the denial of the right to a fair trial. Defendants' arguments to the contrary are unconvincing.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part, denied in part, and reserved in part. Defendants' motion to dismiss Plaintiff's claim of negligent hiring, training and supervision is granted, and Defendants' motion to dismiss Plaintiff's excessive pre-arraignment delay and excessive force in bedside handcuffing is granted as to Defendants Giordano and Mannino.

SO ORDERED.

Dated: June 19, 2015  _____
      Brooklyn, NY  Sterling Johnson, Jr., U.S.D.J.