UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
KAREN BRIM,

        Plaintiff,

    v.

THE CITY OF NEW YORK,
P.O. TIMOTHY REILLY,
P.O. RALPH GIORDANO,
SGT. SALVATORE MANNINO,
et al.,

        Defendants.
-------------------------------------------------X

13 CV 1082 (SJ) (RER)

MEMORANDUM
AND ORDER

*A P P E A R A N C E S*

MARSHALL SCOTT BLUTH
733 Third Avenue
12th Floor
New York, NY 10017
By:    Marshall Bluth
*Attorney for Plaintiff*

COHEN & FITCH
233 Broadway
Suite 1800
New York, NY 10279
*Attorney for Plaintiff*

ZACHARY CARTER
Corporation Counsel of the City
of New York
100 Church Street, Room 2-144
New York, NY 10007

1

By:  Jenny Weng
     Joshua J. Lax
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

The facts and circumstances surrounding this action have been endlessly recounted in briefs upon briefs and orders upon orders. Familiarity with each side's version, and the case's procedural posture, is assumed. At trial, witness testimony was inconsistent, to say the least, but there is no disputing that Plaintiff suffered a fracture of her lateral tibial plateau during the encounter with Officer Reilly.

The jury reviewed the evidence and decided what to believe. They believed that Ms. Brim suffered a constitutional deprivation at the hands of Officer Reilly in the form of excessive force when the encounter landed her in the hospital with a broken leg. They also believed that Officer Reilly intended to inflict emotional distress on her during that altercation. They awarded her $30,000 on each of those claims.

The City filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 50, seeking judgment as a matter of law in its favor on both claims. Plaintiff filed a Rule 59 motion seeking a new trial on the issue of damages. Plaintiff argued that the award of $30,000 for her injuries related to the jury's finding of excessive force was grossly inadequate. These motions were referred to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("Report"). The Report was issued on August 16, 2016 and recommended granting Plaintiff's

2

motion for a new trial on damages, an entering judgment as a matter of law in favor of the City on Plaintiff's claim of intentional infliction of emotional distress. Only the City filed objections to the Report.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

## DISCUSSION

The Report and Recommendation by Judge Reyes took issue, if you will, with two of those findings.

3

First, the Report found that there was no evidence that Ms. Brim suffered the "severe" emotional distress necessary for a jury verdict in her favor, but that she only endured "conventional pain and suffering." Neither side objects to this finding, and so it is hereby adopted. The $30,000 award for intentional infliction of emotional distressed is set aside and this Court holds as a matter of law for the City on that Count.

Second, although Ms. Brim suffered a fractured leg, was handcuffed to a hospital bed for 17 days, endured pain and suffering and subsequently required the use of crutches and leg braces, the City argues that the $30,000 award is not insufficient compensation. The City somehow got into the collective minds of the jury and said:

> More importantly, plaintiff's credibility in general was under attack. She was cross examined at length regarding her Medicaid fraud, inconsistency between her Medicaid documents, her testimony and her tax returns. Further, it is possible that the Jury in assessing what damages plaintiff was entitled to, may have considered that her general attitude against authority and dishonesty in civil society made her less worthy of compensation than someone else. The jury may have believed, based on the Court's instructions, that because plaintiff was lawfully arrested in this case, and continued to commit felonious acts through to trial through her Medicaid fraud, that the type of encounter at issue in this case was in part the cost of doing business for this plaintiff and believed she was less deserving than other plaintiffs.

(Dkt. No. 125 at 22.)

This argument, essentially that Ms. Brim lives in a world where a broken leg is "the cost of doing business" with peace officers, is telling. It is disgusting,

4

P-049

off-color and repugnant to this Court, the judicial system, and aims of Section 1983. Moreover, the argument that perhaps the jury did not like Ms. Brim is one that bolsters, rather than weakens, Judge Reyes' finding that the award was insufficient as a matter of law.

The City further argues that the issue of damages turns on credibility and that the jury found that Plaintiff's medical expert, Dr. Tyorkin, was not credible because that "he received no information about how the incident took place," referred to the injury as an "accident" and inconsistently related her pain levels. (Dkt. No. 125 at 21-22.) But that doesn't change the fact that Ms. Brim suffered those injuries. In other words, the City does not actually object to Judge Reyes' finding that *this type of injury* is typically compensated at a substantially higher rate than $30,000.

Therefore, this portion of the Report is adopted.

The City also objects to the Report's Findings as to Qualified Immunity. Qualified immunity "shields police officers acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their actions violate clearly-established rights of which an objectively reasonable official would have known." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In this case qualified immunity would attach if a reasonable officer could have believed that it was reasonable under the circumstances to "fling" Ms. Brim in a manner causing her to lose balance, fall from the landing, and hit the wall or landing with sufficient force

5

P-049

to cause a fracture of her laterial tibial plateau. But, the jury decided that Reilly's actions were objectively *unreasonable*. See, e.g., Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003) (finding that qualified immunity does not attach if a plaintiff "submitted evidence sufficient to establish that objectively reasonable persons in the defendants' position would have known that their conduct violated [the plaintiff's] rights.")

On the Special Verdict Form in this case, the jury found a *lack of probable cause* on *seven* of the nine charges filed against Brim after the altercation. So, while the City asks the Court to consider Plaintiff to be unlikeable and without credibility, it is actually Officer Reilly and his version of events that the jurors largely discarded. The only charges that they found supportable were disorderly conduct which led to her resisting arrest, in their minds. Given their findings that there was no probable cause to arrest her for the remaining charges (obstructing governmental administration, assault in the second degree, assault in the third degree, attempted criminal obstruction of breathing, menacing or harassment), they did not fully credit the testimony given by the officers as to her conduct. As instructed by the Court, they availed themselves of the finding that perhaps some force was required to arrest her for disorderly conduct, but not the force used by Reilly. Those questions of fact, resolved by the jury with ample supporting evidence, will not be disturbed. Therefore, that portion of Judge Reyes' Report is hereby adopted and Officer Reilly is not entitled to Qualified Immunity.

P-049

## CONCLUSION

For the foregoing reasons, this Court adopts the Report in its entirety. Jury selection is hereby referred to Magistrate Judge Reyes and shall commence on September 11, 2017 at a time to be determined by Judge Reyes. Testimony will begin on September 12, 2017 before the undersigned.

SO ORDERED.

Dated: June 6, 2017
       Brooklyn, NY

                                                                  /s/
                                       Sterling Johnson, Jr., U.S.D.J.